**SO ORDERED.**

**SIGNED this 14 day of November, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

RICKEY DEAN CARROLL AND
CHERI CARROLL,

DEBTORS.

CASE NO. 09-01177-8-JRL

CHAPTER 13

_____

### ORDER

This matter is before the court on the trustee's motion to modify the debtors' chapter 13 plan to account for the post-confirmation inheritance received by the male debtor, to which the debtors have objected. A hearing on the matter was held in Raleigh, North Carolina on November 7, 2012.

### BACKGROUND

Rickey Dean Carroll ("male debtor") and Cheri Carroll ("female debtor") (collectively "debtors") filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 16, 2009. On February 17, 2009, John F. Logan ("trustee") was appointed as trustee. On August 29, 2009, the court entered an order confirming the debtors' chapter 13 plan, which provided for monthly payments of $2,416.00 for six (6) months, followed by fifty four (54) monthly payments of $2,480.00. Under the debtors' confirmed plan, general unsecured creditors

1

were expected to receive approximately 3.8% of their allowed claims.

On August 4, 2012 and prior to the completion of their chapter 13 plan payments, the debtors' notified the court of the death of the male debtor's mother on December 23, 2011, and that he was to receive an inheritance of approximately $100,000.00 or one-third (1/3) of his mother's estate ("inheritance"). On August 27, 2012, the trustee filed the motion to modify the debtors' chapter 13 plan that is presently before the court, arguing that the inheritance should be included as property of the estate under this court's recent decision in In re Zeitchic, No. 09-05821-8-JRL, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011). Relying on In re Key, 465 B.R. 709, 711 (Bankr. S.D. Ga. 2012), the debtors contend to the contrary, arguing that the inheritance is not property of the estate because "the general language of § 1306(a)(1) does not pull property expressly excluded by § 541(a)(5) into the property of the estate."

## DISCUSSION

Sections 541 and 1306 of the Bankruptcy Code define property of the estate in chapter 13 cases and the interplay between the two sections was the central issue in Zeitchic and the present case. Property of the estate, pursuant to § 541(a)(5)(A), includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
> (A) by bequest, devise, or inheritance[.]

11 U.S.C. § 541(a)(5)(A). Section 1306(a) expands the definition of property of the estate for chapter 13 cases "includ[ing], in addition to the property specified in section 541 of [the Code] – (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under

2

chapter 7, 11, or 12 of [the Code], whichever occurs first . . . ." 11 U.S.C. § 1306(a)(1).

In accordance with its prior decision in Zeitchik and the majority of courts deciding the issue, the court finds that the male debtor's inheritance is property of the estate and should be included in the debtors' chapter 13 plan to pay unsecured creditors. In Zeitchik, this court held, after reviewing the relevant case law and treatises, that "in a chapter 13 case, any inheritance that is received before the case is closed, dismissed or converted is property of the estate." 2011 WL 5909279, at *1. As for the relationship between §§ 541 and 1306, the court concluded "that § 1306 extends the 180-day period in § 541 to include any time between the commencement of the chapter 13 case and the time the case is closed, dismissed or converted." Id. (citing KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3D ED. § 47-2 (2000 & Supp. 2004)); see, e.g., In re Tinney, No. 07-42020-JJR-13, 2012 WL 2742457 (Bankr. N.D. Ala. July 9, 2012); In re Watson, No. 08-82602-JAC-13, 2012 WL 2120530, * 3 (Bankr. N.D. Ala. Jun. 11, 2012) (finding that an inheritance received more than 180 days following the commencement of the case "was property of the kind specified in § 541(a)(5)(A) of the Bankruptcy Code."); In re Mullican, 417 B.R. 389, 399–400 (Bankr. E.D. Tex. 2008) (finding that "[m]ost courts analyzing post-petition windfalls, such as an inheritance, have found them to be property of the Chapter 13 estate."); In re Brinkley, 323 B.R. 685, 689 (Bankr. W.D. Ark. 2005) ("Section 1306 of the code expands the 180 day inclusionary period in a chapter 13 case."); In re Guentert, 206 B.R. 958, 962 (Bankr. W.D. Mo. 1997) (observing that "while life insurance proceeds would become property of a Chapter 7 bankruptcy estate only if a debtor became eligible to receive them within 180 days of the commencement of the case, in Chapter 13, those same benefits become property of the estate until the case is closed, dismissed, or converted."); In re Euerle, 70 B.R. 72, 73 (Bankr. D.N.H.

1987) (holding that an inheritance of $300,000.00 received ten (10) months after confirmation "clearly became 'property of the estate' under the provisions of §§ 541(a)(5) and 1306(a)(1).").[1]

## CONCLUSION

Based on the foregoing, the trustee's motion to modify the debtors' chapter 13 plan is **ALLOWED.**  The post-confirmation inheritance is property of the estate and should be included in the plan to pay unsecured creditors.  Upon receipt, the debtors are ordered to turnover the inheritance to the trustee for distribution in accordance with the chapter 13 plan.

### END OF DOCUMENT

---

[1] Courts adhering to the contrary, that an inheritance received outside the 180-day period following commencement of the case is not included as property of the estate, have held that the phrase "of the kind" in § 1306 incorporates the 180-day time frame of § 541(a)(5)(A). See, e.g., Key, 465 B.R. at 711; In re Walsh, No. 07-60774, 2011 WL 2621018, at *2 (Bankr. S.D. Ga. Jun. 15, 2011); In re Schlottman, 319 B.R. 23, 24-25 (Bankr. M.D. Fla. 2004).