**SO ORDERED.**

**SIGNED this 28 day of November, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

RICKEY DEAN CARROLL AND           CASE NO. 09-01177-8-JRL
CHERI CARROLL,
                                  CHAPTER 13
    DEBTORS.

_____

## ORDER

This matter came before the court on the debtor's notice of appeal and consensual agreement of the debtor and the trustee that direct appeal to the United State Court of Appeals for the Fourth Circuit is appropriate.

On November 19, 2012, Rickey Dean Carroll ("male debtor") and Cheri Carroll ("female debtor") (collectively "debtors") filed a notice of appeal of this court's order issued on November 14, 2012, allowing the trustee's motion to modify the debtors' chapter 13 plan of reorganization. The court concluded that the post-confirmation inheritance of approximately $100,000.00 or one-third (1/3) of the estate of the male debtor's mother was property of the estate and should be included in the debtors' chapter 13 plan. The court adhered to its prior decision in In re Zeitchic, No. 09-05821, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011), which held, after reviewing the

1

relevant case law and treatises, that "in a chapter 13 case, any inheritance that is received before the case is closed, dismissed or converted is property of the estate." 2011 WL 5909279, at *1 (emphasizing that the relationship between § 541 and §1306, is one where "§ 1306 extends the 180-day period in § 541 to include any time between the commencement of the chapter 13 case and the time the case is closed, dismissed or converted." (citing KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3D ED. § 47-2 (2000 & Supp. 2004)).

Pursuant to Rule 8001(f) of the Federal Rules of Bankruptcy Procedure, the bankruptcy court, after request or on its own initiative, may certify an order for direct appeal to the a court of appeals provided that a circumstance specified in 28 U.S.C. § 158(d)(2)(A) exists. Fed. R. Bankr. P. 8001(f); 28 U.S.C.§ 158(d)(2)(A) (2006). A direct appeal to the court of appeals from a final judgment of the bankruptcy court is appropriate in the following circumstances:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).

The court certifies this direct appeal to the United States Court of Appeals for the Fourth Circuit because there is no controlling decision by the circuit regarding whether an inheritance received more than 180 days after the commencement of the case, but before the case is closed, dismissed or converted, constitutes property of the estate under §§ 541 and 1306 of the Bankruptcy

Code.[1]   Sections 541 and 1306(a) of the Bankruptcy Code determine whether an inheritance received after 180 days from commencement of the case constitutes property of the estate. Section 541 applies to all bankruptcy cases filed under any chapter of the Bankruptcy Code, whereas § 1306 provides an expansion applicable only to chapter 13 cases. Section 541(a) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case[]" and includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
> (A) by bequest, devise, or inheritance[.]

11 U.S.C. § 541(a)(5)(A). In chapter 13 cases, § 1306(a) expands property of the estate, in addition the property specified in § 541, to include "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 . . . ." 11 U.S.C. § 1306(a)(1).

The resolution of the tension between these two sections rests on whether the temporal

---

[1] In Arnold v. Weast (In re Arnold), 869 F.2d 240 (4th Cir. 1989), the Fourth Circuit addressed, without discussing § 1306 or defining property of the estate, the issue of whether a $120,000.00 increase in the debtor's annual income warranted modification of his chapter 13 plan. See EconoLube N' Tune, Inc. v. Frausto (In re Frausto), 259 B.R. 201, 208 n. 15 (Bankr. N.D. Ala. 2000) (recognizing that the Fourth Circuit did not discuss whether the windfall realized by the debtor post-confirmation was property of the estate under § 1306). Judge Murnaghan, writing for the unanimous panel in Arnold, held that the bankruptcy court did not abuse its discretion by increasing the debtor's plan payments by $700.00 per month to account for the substantial increase in his annual income. Arnold, 869 F.2d at 243 ("It is grossly unfair for a debtor, who experiences an increase in yearly income of $120,000, to refuse to share some of that with creditors who are getting no more than 20 cents on the dollar for their claims under the original Chapter 13 plan. Bankruptcy invariably involves the balancing of the interests of both the debtors and the creditors. When a debtor's financial fortunes improve, the creditors should share some of the wealth.").

language in § 1306, "after commencement of the case but before the case is closed, dismissed, or converted," expands the 180–day time period in § 541(a)(5)(A).

An overwhelming majority of courts have recognized that the plain language of § 1306 expands the 180-day time period in § 541(a)(5)(A) and have classified, as property of the estate, an inheritance or other "windfall" received more than 180 days after commencement of the case. Zeitchic, 2011 WL 5909279, at *1; In re Wetzel, 381 B.R. 247, 253-54 (Bankr. E.D. Wisc. 2008) (recognizing that "most courts analyzing post-confirmation 'windfalls' have found them to be property of the estate."); In re Mullican, 417 B.R. 389, 399–400 (Bankr. E.D. Tex. 2008) (finding that "[m]ost courts analyzing post-petition windfalls, such as an inheritance, have found them to be property of the Chapter 13 estate."); see, e.g., Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1242 (11th Cir. 2008) (concluding, in dicta, that the debtors' claims for uninsured motorist benefits were property of the estate because the claims arose after the commencement of the case and prior to the case being dismissed, closed or converted); In re Vannordstrand, Nos. KS-05-091, 02-40431, 2007 WL 283076, at *2 (10th Cir. B.A.P. 2007) ("Universally, and contrary to the present Debtor's contention, the cases agree that § 1306 modifies the § 541 time period in Chapter 13 cases."); In re Tinney, No. 07-42020, 2012 WL 2742457, at *2 (Bankr. N.D. Ala. July 9, 2012) (recognizing that § 1306 extends the bankruptcy estate's reach until the case is closed, dismissed, or converted and "the phrase 'of the kind' used in § 1306(a)(1) is intended to incorporate the types of property described in § 541 (i.e. bequest, devise, or inheritance) but not the 180–day temporal restriction. The kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired."); In re Watson, 2012 WL 2120530, at *3 (Bankr. N.D. Ala. Jun. 11, 2012) (holding that an inheritance received more than 180 days following the commencement of the case "was property

of the kind specified in § 541(a)(5)(A) of the Bankruptcy Code.") (finding that inheritance received more than 180 days postpetition "was property of the kind specified in § 541(a)(5)(A) of the Bankruptcy Code"); Wetzel, 381 B.R. at 254 ("The estate is not extinguished by confirmation, but rather is comprised of new property acquired by the debtor post-confirmation, whether via inheritance, wages or other means."); In re Jackson, 403 B.R. 95, 98 (Bankr. D. Idaho 2009) (finding that real property inherited more than 180 days postpetition would be estate property under §§ 541 and 1306); In re Drew, 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005) ("[P]roperty that a Chapter 13 debtor acquires post-petition[] . . . becomes property of the estate pursuant to § 1306, in contrast to the post-petition acquisitions that do not become part of a Chapter 7 or Chapter 11 estate. Accordingly, it has been held that a Chapter 13 estate can include gifts, inheritances and windfalls that are acquired by the debtor post-petition." (citations omitted)); In re Brinkley, 323 B.R. 685, 689 (Bankr. W.D. Ark. 2005) ("Section 1306 of the code expands the 180 day inclusionary period in a chapter 13 case."); Montclair Prop. Owners Ass'n, Inc. v. Reynard (In re Reynard), 250 B.R. 241, 245 (Bankr. E.D. Va. 2000) (agreeing that § 1306(a) modifies the § 541 time period in chapter 13 cases); In re Nott, 269 B.R. 250, 257 (Bankr. M.D. Fla. 2000) (holding that the post-confirmation inheritance received by the debtor was property of the estate because § 1306 "clearly states that property of a Chapter 13 estate includes 'all property of the kind specified in [Section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted.' Congress easily could have added 'confirmation of the plan' to this list of events if it had intended that property acquired by the debtor after confirmation of the plan not be property of the estate." (citations omitted)); In re Guentert, 206 B.R. 958, 962 (Bankr. W.D. Mo. 1997) ("[W]hile life insurance proceeds would become property of a Chapter 7 bankruptcy estate only if

5

a debtor became eligible to receive them within 180 days of the commencement of the case, in Chapter 13, those same benefits become property of the estate until the case is closed, dismissed, or converted."); In re Easley, 205 B.R. 334, 335 (Bankr. M.D. Fla. 1996) ("[W]hen a Chapter 13 debtor suddenly and unexpectedly inherits money or property prior to the completion of the plan, the new assets become property of the estate pursuant to Sections 541 and 1306 of the Bankruptcy Code." (citations omitted)); In re Euerle, 70 B.R. 72, 73 (Bankr. D.N.H. 1987) (modifying the debtor's confirmed chapter 13 plan to include a $300,000.00 inheritance received postpetition); In re Koonce, 54 B.R. 643, 644 (Bankr. D.S.C. 1985) (noting, in dicta, that 1.3 million dollars in post-confirmation lottery winnings were property of the estate because "[i]n a Chapter 13 case, property of the estate includes all property acquired by the debtor 'after the commencement of the case but before the case is closed, dismissed, or converted . . . .'" (citations omitted)).

Although expanding the 180–day time limitation found in § 541(a)(5) for chapter 13 debtors appears to penalize them as opposed to their counterparts filing under chapter 7; "that difference – what property constitutes the estate – as much as anything, distinguishes the relief provided by the two chapters." See, e.g., Tinney, 2012 WL 2742457, at *2-3 (emphasizing that "not applying the 180–day limitation under § 541(a)(5) when determining what is included within a chapter 13 estate under § 1306(a) is consistent with a major distinction between chapters 13 and 7."); Mullican, 417 B.R. at 399 ("In exchange for giving up their right to future earnings and property acquired post-petition, a debtor gains many benefits in Chapter 13, such as the ability to discharge debts that are not otherwise dischargeable in Chapter 7 cases at the conclusion of the repayment plan, to retain all property of the estate, to modify the rights of secured creditors, and to cure and reinstate mortgages." (citing 11 U.S.C. §§ 1328, 1327, 1322(b)(2), and 1322(b)(3) and (5)).

Courts adhering to the contrary view, that an inheritance received more than 180 days postpetition is not property of the estate, have construed that the phrase "of the kind specified" in § 1306 as incorporating the 180-day time frame limitation present in § 541(a)(5)(A). See, e.g., In re Key, 465 B.R. 709, 711 (Bankr. S.D. Ga. 2012) ("The language of § 1306(a)(1) tracks almost exactly the language of § 541(a)(1) and it specifically incorporates into the chapter 13 estate all the § 541(a)(1) interests of the debtor in such property 'as of the commencement of the case' and all such property the 'debtor acquires after the commencement of the case'; however, it does not alter the specific defining time clause of § 541(a)(5)." (citations omitted)); In re Walsh, No. 07-60774, 2011 WL 2621018, at *2 (Bankr. S.D. Ga. Jun. 15, 2011) (concluding that "the more specific date restriction that helps define the kind of property included in the estate pursuant to § 541(a)(5) controls and is not superseded by conflicting temporal elements of § 1306(a)(1)."); In re Schlottman, 319 B.R. 23, 24-25 (Bankr. M.D. Fla. 2004) (concluding, based on the plain meaning of § 541(a)(5)(A), that the proceeds of a life insurance policy the debtor became entitled to after 180 days from the commencement of the case did not become estate property).

The issue of determining whether an inheritance received by a chapter 13 debtor after 180 days from commencement of the case, but before the case is closed, dismissed or converted, constitutes property of the bankruptcy estate is an important one that will continue to come before bankruptcy courts given the prevalence of individual bankruptcy filings and the frequent receipt of unexpected assets by chapter 13 debtors.

Based on the foregoing, the court certifies the debtor's appeal directly to the Fourth Circuit Court of Appeals.

**END OF DOCUMENT**