**SO ORDERED.**

**SIGNED this 03 day of December, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| RICKEY DEAN CARROLL AND CHERI CARROLL, | CASE NO. 09-01177-8-JRL |
| | CHAPTER 13 |
| DEBTORS. | |

_____

### ORDER

This matter came before the court on the debtors' motion, pursuant to Fed. R. Bankr. P. 8005, for a stay of the court's order entered November 14, 2012, pending their appeal. A hearing on the matter was held in Raleigh, North Carolina on November 29, 2012.

On November 19, 2012, Rickey Dean Carroll ("male debtor") and Cheri Carroll ("female debtor") (collectively "debtors") filed a notice of appeal of this court's order entered on November 14, 2012, which allowed the trustee's motion to modify the debtors' chapter 13 plan of reorganization. In allowing the motion, the court concluded that the post-confirmation inheritance of approximately $100,000.00 or one-third (1/3) of the estate of the male debtor's mother was property of the estate and should be turned over to the trustee for distribution in accordance with the provisions of the debtors' chapter 13 plan. On November 28, 2012, and following notice of the

debtors' appeal, the court certified the matter for direct appeal to the United States Court of Appeals for the Fourth Circuit as there was no controlling decision in the circuit on whether an inheritance received more than 180 days after the commencement of the case, but before the case is closed, dismissed or converted, constitutes property of the estate under §541 and §1306 of the Bankruptcy Code.

On November 20, 2011, the debtors filed the motion for stay pending appeal currently before the court, seeking a stay of the November 14, 2012 order until a decision is rendered by the United States Court of Appeals for the Fourth Circuit on their appeal. The debtors agreed, upon receipt, to deposit in their counsel's trust account a portion of the inheritance that would be sufficient to pay the allowed general unsecured claims for which the male debtor is solely or jointly obligated.

Bankruptcy Rule 8005 governs the issuance of a stay pending appeal. "The standard for determining if the issuance of a stay pending appeal is appropriate is similar to those factors considered under a preliminary injunction." In re Bell, No. 09-10941, 2010 Bankr. LEXIS 3412, at *2-3 (Bankr. E.D.N.C. Sept. 29, 2010) (citing In re Convenience USA, Inc., 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003)); see Ohio Valley Envtl. Coalition, Inc. v. United States Army Corps of Eng'rs, No. 11-0149, 2012 U.S. Dist. LEXIS 130192, at *5-6 (S.D. W. Va. Sept. 13, 2012) ("Courts routinely cite the same familiar, four-factor test in both settings, implicitly treating them as the same whether at the preliminary injunction stage or at the post-trial, appeal phase."). In the Fourth Circuit, the party seeking a stay pending appeal must show:

> (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).[1]

Following Real Truth About Obama, Inc. v. Federal Election Comm'n, 607 F.3d 355 (4th Cir. 2010) and its adoption of the standard articulated in Winter for determining whether to issue preliminary injunctions, courts in the Fourth Circuit have declined to extend the standard in Winter to motions for stay pending appeal. Ohio Valley Envtl. Coalition, Inc., 2012 U.S. Dist. LEXIS 130192, at *9-10 (holding that "Real Truth adopted this test in the Fourth Circuit for preliminary injunctions, not for stays pending appeal[; therefore,] the factors are balanced, such that a stronger showing on some of these prongs can make up for a weaker showing on others." (citing 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3954 (4th ed. 2012)); Lanier v. Branch Bank & Trust, No. 12-416, 2012 U.S. Dist. LEXIS 26076, at *4 (D.S.C. Feb. 28, 2012), aff'd in part, appeal dismissed, No. 12-1441, 474 F. App'x 251 (4th Cir. July 24, 2012) (per curiam). Summarizing the standard for a motion to stay in the wake of Real Truth, the Lanier Court stated:

> A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Only then may the court consider whether the

---

[1] The previously-established sliding scale approach set out by the Fourth Circuit in Blackwelder Furniture Co. of Statesville v. Seiling Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), was expressly abrogated and overruled. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), cert. granted and judgment vacated, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reaffirmed in part, remanded, 607 F.3d 355 (4th Cir. 2010) (per curiam) ("Because of its differences with the Winter[ v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)] test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts."). At least one court has recognized that "[t]he Fourth Circuit has not yet made a clear statement about what standard should be applied in determining whether to grant a stay or injunction pending appeal." Ohio Valley Envtl. Coalition, Inc., 2012 U.S. Dist. LEXIS 130192, at *5.

3

>balance of equities tips in the party's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.

Lanier, 2012 U.S. Dist. LEXIS 26076, at *4 (citations omitted).  Thus, the standard adopted by the Fourth Circuit for preliminary injunctions, which requires an independent showing on each prong, does not apply to a motion for stay pending appeal.  See, e.g., id.; Ohio Valley Envtl. Coalition, Inc., 2012 U.S. Dist. LEXIS 130192, at *9-10.

Based on the record, the court finds that the debtors have demonstrated a likelihood of success on the merits and the threat of irreparable harm if they are required to turnover the entire inheritance to the trustee during the pendency of the appeal.  Furthermore, the balance of equities tips in favor the debtors; therefore, the extraordinary remedy of a stay pending appeal is warranted.  At the hearing, the trustee was concerned that if the debtors' appeal was unsuccessful following a stay of the November 14, 2012 order, the inheritance would be squandered and leave insufficient funds to disburse to the allowed unsecured claims.  According to Schedules E and F, the unsecured priority and nonpriority claims upon which the male debtor is solely or jointly obligated total approximately $22,616.60.  To mitigate the trustee's concerns, a portion of the inheritance sufficient to satisfy these allowed unsecured claims shall be placed in the trust account of the debtors' counsel.

Based on the foregoing and for the reasons stated on the record in open court, the debtors' motion for a stay pending appeal is **ALLOWED** and the effect of the November 14, 2012, directing turnover of the inheritance to the trustee, is stayed pending resolution of the appeal taken by the debtors.  The debtors are directed, upon receipt, to deposit $25,000.00 of the inheritance in their counsel's trust account, pending resolution of the appeal.  Should the debtors' appeal be dismissed or prove unsuccessful, the $25,000.00 held in trust will be property of the estate and subject to

administration by the trustee as part of their case.

**END OF DOCUMENT**

5