**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1024

RICKEY DEAN CARROLL; CHERI CARROLL,

        Debtors-Appellants,

   v.

JOHN FLETCHER LOGAN,

        Trustee – Appellee.

Appeal from the United States Bankruptcy Court for the Eastern District of North Carolina, at Wilson.  J. Rich Leonard, United States Bankruptcy Judge. (09-01177-8-JRL)

Argued:  September 17, 2013         Decided:  October 28, 2013

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by published opinion. Judge Wynn wrote the opinion, in which Judge Niemeyer and Judge Floyd joined.

**ARGUED**: Cortney I. Walker, SASSER LAW FIRM, Cary, North Carolina, for Appellants.  John Fletcher Logan, OFFICE OF THE CHAPTER 13 TRUSTEE, Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Travis Sasser, SASSER LAW FIRM, Cary, North Carolina, for Appellants.  Michael Brandon Burnett, OFFICE OF THE CHAPTER 13 TRUSTEE, Raleigh, North Carolina, for Appellee.

WYNN, Circuit Judge:

This appeal concerns whether Bankruptcy Code Section 1306(a) extends the 180-day time limit under Bankruptcy Code Section 541 for identifying property that may be included in a bankruptcy estate. Appellants Rickey Dean Carroll and Cheri Carroll argue that the bankruptcy court erred by including an inheritance that postdated their Chapter 13 bankruptcy petition by more than 180 days as part of their bankruptcy estate. Because Section 1306(a) plainly extends the timeline for including "the kind" of property "specified in" Section 541 in Chapter 13 bankruptcy estates, we affirm the bankruptcy court's inclusion of the inheritance in the Carrolls' Chapter 13 bankruptcy estate.

I.

In February 2009, the Carrolls filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. Under that reorganization chapter, debtors with regular income pay back a portion of their debts through a repayment plan. The Carrolls' repayment plan, approved in August 2009, required them to pay $2,416 for 6 months followed by $2,480 for 54 months.

In August 2012, over three years after filing their Chapter 13 petition, the Carrolls notified the bankruptcy court that Mr.

2

Carroll's mother had died in December 2011 and that, as a consequence, Mr. Carroll anticipated an inheritance of approximately $100,000. Because Mr. Carroll acquired the inherited interest before their bankruptcy case was closed, dismissed, or converted to a proceeding under another bankruptcy code chapter, the Chapter 13 trustee moved to modify the Carrolls' repayment plan to include "an amount of the Inheritance, if and when received, sufficient to pay in full all of the allowed general unsecured claims . . . ." J.A. 76.

Over the Carrolls' objection, the bankruptcy court held that Mr. Carroll's inheritance was property of the bankruptcy estate. In re Carroll, 09-01177-8-JRL, 2012 WL 5512356, at *1 (Bankr. E.D.N.C. Nov. 14, 2012). The bankruptcy court thus ordered that the inheritance be included in the Carrolls' plan to pay unsecured creditors, who, under the original repayment plan, were expected to receive payment on 3.8% of their allowed claims. Id. at *2. The Carrolls noticed their appeal, and the bankruptcy court stayed its order and certified a direct appeal to this Court.

II.

The sole issue on appeal is whether the bankruptcy court properly included Mr. Carroll's inheritance, which postdated the

3

Carrolls' bankruptcy petition by more than 180 days, in the bankruptcy estate. We review this issue of law de novo. In re Maharaj, 681 F.3d 558, 568 (4th Cir. 2012).

The interplay of Bankruptcy Code Sections 541 and 1306 is at the heart of this dispute. We begin our analysis with the statutes' plain language. "In arriving at the plain meaning, we . . . assume that the legislature used words that meant what it intended; that all words had a purpose and were meant to be read consistently; and that the statute's true meaning provides a rational response to the relevant situation." Salomon Forex, Inc. v. Tauber, 8 F.3d 966, 975 (4th Cir. 1993).

Bankruptcy Code Section 541 identifies the property included in bankruptcy estates generally. 11 U.S.C. § 541. The statute, which is not specific to any particular type of bankruptcy proceeding, includes in estates:

> 5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180
> days after such date--
> (A) by bequest, devise, or **inheritance**[.]

11 U.S.C. § 541(a)(5) (emphasis added).

Section 1306(a) then expands the definition of estate property for Chapter 13 cases specifically, stating:

> (a) Property of the estate includes, **in addition to the property specified in section 541** of [the Code]--

4

> (1) all property **of the kind specified in such section** that the debtor acquires after the commencement of the case but **before the case is closed, dismissed, or converted** to a case under chapter 7, 11, or 12 of [the Code], whichever occurs first; and

11 U.S.C. § 1306(a) (emphasis added).

Congress has harmonized these two statutes for us. With Section 541, Congress established a general definition for bankruptcy estates. With Section 1306, it then expanded on that definition specifically for purposes of Chapter 13 cases. Thus, "Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case." S. Rep. No. 95-989, at 140-41 (1978).

The statutes' plain language manifests Congress's intent to expand the estate for Chapter 13 purposes by capturing the types, or "kind," of property described in Section 541 (such as bequests, devises, and inheritances), but not the 180-day temporal restriction. 11 U.S.C. § 1306(a). This is because "[t]he kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired." In re Tinney, 07-42020-JJR13, 2012 WL 2742457, at *2 (Bankr. N.D. Ala. July 9, 2012). And on its face, Section 1306(a) incorporates only the kind of property described in Section 541 into its expanded temporal framework.

5

In essence, Section 1306 is a straightforward formula for calculating Chapter 13 estates:

| A Chapter 13 Bankruptcy Estate | = | Property described in Section 541 | + | The kind of property (e.g., inheritances) described in Section 541 and acquired before the Chapter 13 case is closed, dismissed, or converted |
|---|---|---|---|---|

See 11 U.S.C. 1306(a).

Section 1306's extension of a Chapter 13 bankruptcy estate's reach until the Chapter 13 case is closed, dismissed, or converted constitutes "a rational response to the relevant situation." Salomon Forex, 8 F.3d at 975. Chapter 13 proceedings provide debtors with significant benefits: For example, debtors may retain encumbered assets and have their defaults cured, while secured creditors have long-term payment plans imposed upon them and unsecured creditors may receive payment on only a fraction of their claims. See 11 U.S.C. §§ 1322, 1325.[1]

---

[1] By contrast, in Chapter 7 liquidation proceedings, a debtor's estate is largely subject to liquidation. Generally, the estate is "identified with a snapshot taken of the debtor's property when his petition for relief is filed." In re Tinney, 2012 WL 2742457, at *2. And the secured creditors are soon free to foreclose on mortgages and repossess encumbered cars and other property. Id. In turn, the debtor is not subject to multi-year repayment obligations.

6

In exchange for those benefits, a Chapter 13 debtor makes a multi-year commitment to repay obligations under a court-confirmed plan. Id. The repayment plan remains subject to modification for reasons including a debtor's decreased ability to pay according to plan, as well as the debtor's increased ability to pay. See 11 U.S.C. § 1329. As we have stated before, "[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth." In re Arnold, 869 F.2d 240, 243 (4th Cir. 1989).[2]

The overwhelming majority of courts to have addressed this issue "agree that § 1306 modifies the § 541 time period in Chapter 13 cases." In re Vannordstrand, 356 B.R. 788, at *2 (B.A.P. 10th Cir. 2007) (collecting cases); see also In re Tinney, 2012 WL 2742457, at *1 (noting that "[t]he large majority of courts to address the issue agree" and collecting cases). Several treatises state the proposition matter-of-factly. See, e.g., Hon. Joan N. Feeney, Bankruptcy Law Manual

---

[2] In In re Arnold, we did not address Sections 541 and 1306. Nevertheless, we had to decide whether a $120,000 increase in the debtor's annual income warranted modification of his Chapter 13 repayment plan. We held that the bankruptcy court did not abuse its discretion by increasing the debtor's plan payments to account for his substantially increased income. "It is grossly unfair for a debtor, who experiences an increase in yearly income of $120,000, to refuse to share some of that with creditors who are getting no more than 20 cents on the dollar for their claims under the original Chapter 13 plan." In re Arnold, 869 F.2d at 243.

7

§ 13:13 (5th ed. 2013) ("Significantly, property of the estate in Chapter 13 cases is a broader concept as it includes property also described in § 1306, which supplements § 541's definition of property of the estate of Chapter 13 debtors."); 8A Corpus Juris Secundum Bankruptcy § 561 (2013) ("In a Chapter 13 individual debt adjustment case, the estate includes property of the kind generally included in estates, notwithstanding the fact that such property is acquired by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 . . . ."). And even this Court has indicated that Section 1306(a) "adds certain property to a § 541 bankruptcy estate in the Chapter 13 context." In re Maharaj, 681 F.3d at 564.[3]

The Carrolls nevertheless contend that Mr. Carroll's inheritance should be excluded from their Chapter 13 bankruptcy estate under two principles of statutory interpretation: the principle that courts "must give effect to every word of a statute," and the principle that "specific language in a statute governs general language." Appellants' Br. at 8-9. We are convinced by neither argument.

---

[3] We recognize that a couple of courts have taken a contrary view. See In re Key, 465 B.R. 709, 712 (Bankr. S.D. Ga. 2012); In re Walsh, 07-60774, 2011 WL 2621018, at *2 (Bankr. S.D. Ga. June 15, 2011); and In re Schlottman, 319 B.R. 23, 24-25 (Bankr. M.D. Fla. 2004). However, we find those outlier cases unconvincing.

8

Unquestionably, we agree that courts should give effect to every word of a statute whenever possible. Broughman v. Carver, 624 F.3d 670, 677 (4th Cir. 2010). And doing so here requires us to reject the Carrolls' argument. For if Section 541's 180-day rule restricts what is included in a Chapter 13 estate, then Section 1306(a), which expands the temporal restriction for Chapter 13 purposes, loses all meaning. By contrast, neither statute is rendered superfluous, and both are given effect, if Section 1306(a)'s extended timing applies to Chapter 13 estates and supplements Section 541 with property acquired before the Chapter 13 case is closed, dismissed, or converted.

Further, while we know well the "canon of construction that 'the specific governs the general,'" Broughman, 624 F.3d at 676, applying that canon here does not further the Carrolls' cause. In particular, we reject the Carrolls' contention that Section 541(a)(5) is "specific" while Section 1306(a) is "general." On the contrary, Section 1306(a) is specific to Chapter 13 bankruptcies and defines estates solely for purposes of that reorganization chapter. Section 541, by contrast, is a general provision that provides generic contours for bankruptcy estates. Thus, even under the two statutory interpretation principles the Carrolls press, the bankruptcy court properly included the inherited property in the Carrolls' bankruptcy estate.

9

III.

The Supreme Court has eschewed interpreting the Bankruptcy Code such that it "would deny creditors payments that the debtor could easily make." Hamilton v. Lanning, 130 S. Ct. 2464, 2476 (2010). The plain language of Section 1306(a) blocks the Carrolls from depriving their creditors a part of their windfall acquired before their Chapter 13 case was closed, dismissed, or converted. Accordingly, the bankruptcy court correctly held that Mr. Carroll's inheritance was property of the bankruptcy estate under Section 1306(a).

AFFIRMED